IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02961-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JUVENCIA DARSHA TOWNSEND,

       Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ROATCH, Case Manager,
TRAXLES, Case Manager,
SGT. ELIOT,
DEETS, Case Manager,
EVERIGHAM, Case Manager,
DURAN, Case Manager, and
JACKSON, Case Manager,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Juvencia Darsha Townsend, is a prisoner in the custody of the Colorado

Department of Corrections at the Denver Women's Correctional Facility.  She filed *pro*

*se* a Prisoner Complaint (ECF No. 2) pursuant to 42 U.S.C. § 1983 for money damages

and injunctive relief and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 (ECF No. 2).

The Court must construe Ms. Townsend's Prisoner Complaint liberally because

she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mere

vague and conclusory allegations that a litigant's federal constitutional rights have been

violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally

the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D.

Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the

plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded

factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. The Court

may disregard conclusory allegations, which are not entitled to a presumption of

truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x

762, 764 (10th Cir. 2013). For the reasons stated below, Ms. Townsend will be ordered

to file an amended Prisoner Complaint.

Plaintiff names additional individuals in the text of the Prisoner Complaint under

"Parties," who she fails to name as defendants in the caption to the Prisoner Complaint,

i.e., Major Mcfee; Major Sparling; David Johnson, associate warden; Dona Jairblin;

other unknown job board members; John C. Roberts, correctional officer; Sgt. Tonya

Gamblin; and Sgt. Todd Christ. Ms. Townsend must name these individuals in the

caption to the amended Prisoner Complaint if she wishes to sue them.

Ms. Townsend complains about the loss of her job as an offender care aide,

being harassed and discriminated against, and being the subject of retaliation. The bulk

of her allegations are contained in the discussion of the "Nature of the Case" instead of

in each asserted claim. On the basis of these allegations she asserts a violation of her

equal protection rights (claim one), retaliation (claim two), and harassment (claim three).

She asserts an additional three claims, i.e., mental anguish (claim four), pain and

suffering (claim five), and discrimination (claim six), without any supporting factual

2

allegations. She attaches numerous documents to the Prisoner Complaint without explanation.

Ms. Townsend's claims two through six are wholly vague and conclusory. Claim one lacks factual allegations to support an equal protection claim. A person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Ms. Townsend fails to assert any facts demonstrating how she was treated differently than similarly situated inmates and by whom, or identify the similarly situated inmates. The Court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *See Iqbal*, 556 U.S. at 681.

As to Ms. Townsend's claims of mental anguish, pain and suffering, and harassment, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished). In addition, verbal threats and harassment do not rise to the level of cruel and unusual punishment. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

The amended Prisoner Complaint Ms. Townsend will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

3

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Townsend fails to assert her claims in a manner that is clear and concise

and allows the Court and each defendant to understand and respond to each asserted

claim.  Generally, Ms. Townsend fails to provide "a generalized statement of the facts

from which the defendant may form a responsive pleading."  *New Home Appliance Ctr.,*

*Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a),

"[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts

upon which relief can be granted upon any legally sustainable basis."  *Id.*  The general

rule that *pro se* pleadings must be construed liberally has limits and "the court cannot

take on the responsibility of serving as the litigant's attorney in constructing arguments

4

and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Townsend must present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Townsend must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Ms. Townsend's vague and conclusory allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Ms. Townsend fails to allege facts within each claim that demonstrate each of the named defendants personally participated in the constitutional violations. In order to state a claim in federal court, Ms. Townsend "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Ms. Townsend should name as defendants in her

amended Prisoner Complaint only those persons that she contends actually violated her federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Townsend must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Iqbal*, 556 U.S. at 676. Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

6

Ms. Townsend may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights.  However, if Ms. Townsend uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Ms. Townsend's handwriting is hard to read.  Ms. Townsend is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The amended Prisoner Complaint Ms. Townsend will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Ms. Townsend will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Ms. Townsend is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if

7

Ms. Townsend seeks to refile in this Court because the two-year limitations periods may have run on her § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff, Juvencia Darsha Townsend, file an amended Prisoner Complaint that complies with the directives of this order.   It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire Prisoner Complaint and the action may be dismissed without further notice.

DATED November 4, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge