IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02961-GPG

JUVENCIA DARSHA TOWNSEND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DONNA ZAVISLAN, Warden,
EVERINGHAM, Casemanager,
ROATCH, Casemanager,
DURAN, Casemanager,
JOHN C. ROBERTS, Corrections Officer,
SGT. TONYA GAMBLIN, Housing,
SGT. TODD CHRIST,
CAPTAIN MARK ALHOLTZ, Housing,
MAJOR BRIAN McFEE, Housing,
LT. TRAXLER, Head Casemanager,
JACKSON, Casemanager,
DAVID JOHNSON, Warden, and
DEETS, Casemanager,

    Defendants.

## ORDER

    This matter is before the Court on the Motion for Temporary Restraining Order (ECF No. 7) filed *pro se* by Plaintiff, Juvencia Darsha Townsend on November 14, 2014. Ms. Townsend alleges in the motion that she is restricted to her housing unit for no reason; she does not have access to the law library to research her claims in this action; she fears further retaliation, harassment, and discrimination once Defendants are served; she does not have access to the gym to use the workout machines; and she is only able to interact with the nine other inmates in her housing unit. Ms. Townsend

was housed at the Denver Women's Correctional Facility when she initiated this action and when she filed the motion for a temporary restraining order. She currently is housed at the La Vista Correctional Facility.

The Court must construe the motion for a temporary restraining order liberally because Ms. Townsend is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Ms. Townsend is not entitled to issuance of a temporary restraining order because the facts she alleges in the motion do not demonstrate she is facing immediate and irreparable injury. Accordingly, it is

ORDERED that the Motion for Temporary Restraining Order (ECF No. 7) is denied.

DATED at Denver, Colorado, this  31st  day of     March    , 2015.

BY THE COURT:


　　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court