IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02961-GPG

JUVENCIA DARSHA TOWNSEND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DONNA ZAVISLAN, Warden,
EVERINGHAM, Casemanager,
ROATCH, Casemanager,
DURAN, Casemanager,
JOHN C. ROBERTS, Corrections Officer,
SGT. TONYA GAMBLIN, Housing,
SGT. TODD CHRIST,
CAPTAIN MARK ALHOLTZ, Housing,
MAJOR BRIAN McFEE, Housing,
LT. TRAXLER, Head Casemanager,
JACKSON, Casemanager,
DAVID JOHNSON, Warden, and
DEETS, Casemanager,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Juvencia Darsha Townsend, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Ms. Townsend initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On November 4, 2014, Magistrate Judge Boyd N. Boland ordered Ms. Townsend to file an amended complaint that clarifies who she is suing and the claims she is asserting.

    On December 5, 2014, Ms. Townsend filed a "Prisoner Complaint with Jury Demand" (ECF No. 9) and another document (ECF No. 10) that was docketed as a

second amended complaint. On December 9, 2014, Magistrate Judge Gordon P. Gallagher entered a minute order (ECF No. 17) advising Ms. Townsend that the amended pleadings filed on December 5 did not comply with the prior order directing her to file an amended complaint that clarifies who she is suing and the claims she is asserting. Magistrate Judge Gallagher also directed Ms. Townsend in the December 9 minute order to file one amended pleading on the proper form that clarifies who she is suing and the claims she is asserting. On March 27, 2015, after being granted several extensions of time, Ms. Townsend filed a third amended Prisoner Complaint (ECF No. 28).

The Court must construe the third amended Prisoner Complaint liberally because Ms. Townsend is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the third amended Prisoner Complaint because Ms. Townsend is a prisoner and she is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the third amended Prisoner Complaint, or any portion of the third amended Prisoner Complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the third amended Prisoner Complaint in part pursuant to § 1915A(b).

Ms. Townsend asserts three claims for relief pursuant to 42 U.S.C. § 1983. She first claims she was denied due process and equal protection when she was terminated from her prison job in November 2011 and again in August 2013 and when her pay was reduced because of medical restrictions. Ms. Townsend contends in her second claim that she was terminated from her prison job in November 2011 and harassed in retaliation for reporting a correctional officer who allegedly filed a false disciplinary report against her; she was terminated from her prison job in August 2013 in retaliation for filing grievances and advocating for other offenders; and she was placed in segregation for two weeks in September 2013 after refusing a transfer. In her third claim, which appears to be repetitive of the first claim, Ms. Townsend again alleges she was denied equal protection when she was terminated from her prison job in 2013. All three claims arise out of Ms. Townsend's incarceration at the Denver Women's Correctional Facility. She currently is confined at the La Vista Correctional Facility. As relief Ms. Townsend seeks damages from Defendants in their individual and official capacities, an order directing the DOC to provide better training, and for the DOC to conduct a thorough investigation when an offender makes a retaliation, harassment, and discrimination claim.

Ms. Townsend's claims for damages against the DOC and the individual Defendants in their official capacities must be dismissed. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Ms. Townsend alleges that each Defendant is a DOC prison official. Therefore, her claims against Defendants in their official capacities actually are claims

3

against the DOC.

The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the claims for damages against the DOC and the official capacity claims will be dismissed.

Next, Warden Donna Zavislan will be dismissed as a party to this action. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for

supervisory liability).

Ms. Townsend was advised in the order directing her to file an amended complaint that personal participation is an essential allegation. Despite this advisement, she fails to allege any facts that demonstrate Warden Zavislan personally participated in the asserted constitutional violations. Therefore, whatever claims Ms. Townsend may be asserting against Warden Zavislan are legally frivolous and Warden Zavislan will be dismissed as a party to this action.

Finally, Ms. Townsend's due process claim also is legally frivolous. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Ms. Townsend does not contend that she was deprived of life when she was terminated from her prison job or when her pay was reduced. Therefore, the due process claim depends upon the existence of a constitutionally protected liberty or property interest. However, neither the Constitution nor Colorado state law creates a protected liberty or property interest in prison employment. *See Ingram v. Papalia*, 804 F.2d 595, 596-97 (10th Cir. 1986) (per curiam). Therefore, Ms. Townsend's due process claim must be dismissed.

The Court will not address at this time the merits of the equal protection and retaliation claims against the remaining Defendants in their individual capacities. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claims for damages against the Colorado Department of Corrections and the individual Defendants in their official capacities, her claims against Warden Donna Zavislan, and her due process claim premised on the loss of her prison job are dismissed pursuant to 28 U.S.C. § 1915A(b).  It is

FURTHER ORDERED that Warden Donna Zavislan is dismissed as a party to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  1st  day of    April       , 2015.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court