IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02961-RBJ-KMT

JUVENICA DARSHA TOWNSEND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
EVERINGHAM, Case Manager,
ROACH, Case Manager,
DURAN, Case Manager,
JOHN C. ROBERTS, Corrections Officer,
SGT. TONYA GAMBLIN, Housing,
SGT. TODD CHRIST,
MAJOR MARK ALHOLTZ, Housing,
LT. TRAXLER, Head Case Manager,
JACKSON, Case Manager,
DAVID JOHNSON, Warden, and
DEETS, Case Manager,

    Defendant.

## ORDER

This matter is before the Court on defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment [ECF No. 54] and the recommendation of Magistrate Judge Kathleen M. Tafoya that the Court grant defendants' motion [ECF No. 78]. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation. ECF No. 78 at 9–10. In

response to plaintiff's request, this Court extended the objections deadline to March 18, 2016. ECF No. 80.  Plaintiff filed timely objections.  ECF No. 82.  The Court has reviewed all of the relevant pleadings and Magistrate Judge Tafoya's recommendation.  After its de novo review, the Court accepts the recommendation, albeit on different grounds in some respects, and grants defendants' motion.

## I. BACKGROUND

Plaintiff Juvencia D. Townsend, proceeding pro se, is a prisoner in the custody of the Colorado Department of Corrections (CDOC).  She brings two claims for relief pursuant to 42 U.S.C. § 1983 asserting that defendants, CDOC employees, retaliated against her in violation of the First Amendment and denied her equal protection in violation of the Fourteenth Amendment. ECF No. 28.  Ms. Townsend alleges the following timeline of events:

- November 2011: Ms. Townsend worked in the infirmary as an Offender Care Aid (OCA).  *Id.* at 8.  Defendant Corrections Officer John C. Roberts filed a false disciplinary report against her.  *Id.*  Defendant Sergeant Todd Christ, Ms. Townsend's supervisor, subsequently terminated Ms. Townsend from working as an OCA due to Officer Roberts' report.  *Id.*  Sergeant Christ eventually reinstated Ms. Townsend at a lower rate of pay.  *Id.*

- February 2012: Officer Roberts harassed Ms. Townsend in the prison yard and cussed at her.  *Id.* at 12.

- November 2012: Defendant Sergeant Tonya Gamblin told Ms. Townsend that she was going to make sure Ms. Townsend lost her job as an OCA because she had filed grievances against other officers.  *Id.*

- August 2013: Defendants terminated Ms. Townsend from her job because she had a history of institutional violence.  *Id.* at 11–15.  However, other inmates with violent histories continued to work as OCAs.  *Id.*

- September 2013: Ms. Townsend was placed in segregation for two weeks because she refused a transfer to another facility.  *Id.* at 13.

Ms. Townsend also claims that she was given work restrictions for medical reasons while she was working as an OCA, and, as a result, Sergeant Christ reduced her pay. *Id.* at 8. However, she does not allege a specific date for that event.

Ms. Townsend filed her Complaint on October 31, 2014. ECF No. 1. On several occasions she amended her pleadings as Magistrate Judges Boyd N. Boland and Gordon P. Gallagher requested that she clarify the parties she is suing and the claims she is asserting. Ms. Townsend's Third Amended Complaint is now the operative complaint. ECF No. 28. Pursuant to 28 U.S.C. § 1915A, Judge Lewis T. Babcock then reviewed Ms. Townsend's Third Amended Complaint in order to dismiss any portion that was legally frivolous or sought relief from a defendant who was immune from suit. ECF No. 30. Judge Babcock dismissed Ms. Townsend's due process claim as legally frivolous and her claims for damages against CDOC and the individual defendants in their official capacities as they are protected by Eleventh Amendment immunity. *Id.* Ms. Townsend retains her retaliation claim and her equal protection claim.[1] *Id.*

## II.     STANDARD OF REVIEW

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to

---

[1] It appears that Magistrate Judge Tafoya interpreted Judge Babcock's Order [ECF No. 30] as a dismissal of Ms. Townsend's Claim One in its entirety. ECF No. 78 at 2 n.1. Plaintiff's Claim One contains allegations of both due process and equal protection violations. ECF No. 28 at 8–9; ECF No. 30 at 3. This Court interprets Judge Babcock's Order as a dismissal of the due process portion of Claim One. ECF No. 30 at 6. Thus, Ms. Townsend's claim that defendants denied her "equal protection when she was terminated from her prison job in November 2011 and again in August 2013 and when her pay was reduced because of medical restrictions" remains before the Court on this motion to dismiss. ECF No. 30 at 3. Admittedly, this portion of Claim One overlaps with Claim Three, and the two have been combined in this Court's analysis.

"accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g., Twombly*, 550 U.S. at 556.

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

When a case involves a pro se party, courts will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based . . . conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.   ANALYSIS

Ms. Townsend contends that defendants retaliated against her on five occasions, including when (1) Sergeant Christ fired her in November 2011; (2) Officer Roberts harassed her in the prison yard; (3) Sergeant Gamblin told her she was going to make sure she lost her job as an OCA; (4) defendants fired her again in August 2013; and (5) defendants placed her in segregation in September 2013. ECF No. 28 at 12–16; *see* ECF No. 30 at 3. Furthermore, Ms. Townsend claims that she was denied equal protection on three occasions when defendants (1) fired her in November 2011; (2) reduced her pay due to her medical restrictions; and (3) fired her again in August 2013. ECF No. 28 at 10–13, 17–18; *see* ECF No. 30 at 3. Defendants subsequently filed a motion to dismiss based on the following grounds: (1) the statute of

limitations; (2) Eleventh Amendment immunity; (3) failure to state a cognizable claim; (4) failure to state a claim for damages; and (5) qualified immunity. ECF No. 54. Defendants also assert that the Court should rule as a matter of law that Ms. Townsend failed to exhaust her administrative remedies. *Id.*

Upon a thorough review of the record, Magistrate Judge Tafoya recommended to the Court that defendants' motion be granted. ECF No. 78. She determined that, as a matter of law, Ms. Townsend failed to exhaust her administrative remedies as to her claims of retaliation and discrimination. *Id.* Ms. Townsend filed a timely objection to Magistrate Judge Tafoya's conclusion that she failed to exhaust her remedies.[2] ECF No. 82.

Upon a de novo review, the Court finds that Ms. Townsend failed to exhaust her administrative remedies as a matter of law with respect to her equal protection and retaliation claims relating to her (1) November 2011 termination; (2) November 2012 harassment by Sergeant Gamblin; (3) August 2013 termination; and (4) September 2013 transfer. Additionally, the Court concludes that her remaining claims—that Officer Roberts harassed her and Sergeant Christ reduced her pay after she was given medical restrictions—should be dismissed on other grounds.

---

[2] In her objections Ms. Townsend also argues that she was denied due process when she was terminated from her prison job. ECF No. 82 at 7–8. As discussed above, her due process claim was not before Magistrate Judge Tafoya on defendants' motion to dismiss because Judge Babcock had previously dismissed her due process claim as legally frivolous. ECF No. 30 at 5. Therefore, I need not further address Ms. Townsend's due process arguments.

A. <u>Failure to Exhaust</u>

Magistrate Judge Tafoya recommended that the Court rule as a matter of law that Ms. Townsend failed to properly exhaust her administrative remedies, thus barring her § 1983 claims in their entirety. ECF No. 78 at 9. *Id.* Following its de novo review, the Court finds that Ms. Townsend failed to exhaust her claims relating to her (1) November 2011 termination; (2) November 2012 harassment by Sergeant Gamblin; (3) August 2013 termination; and (4) September 2013 transfer.

Pursuant to the Prison Litigation Reform Act ("PLRA") a prisoner must exhaust her administrative remedies before bringing a suit in federal court. 42 U.S.C.A. § 1997e. The relevant portion of the PLRA states, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at § 1997e(a). The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Substantial compliance with grievance procedures is insufficient. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

"[F]ailure to exhaust is an affirmative defense under the PLRA[.]" *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants "bear the burden of asserting and proving that the plaintiff did not utilize administrative remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Once a defendant establishes that a plaintiff has failed to exhaust, the plaintiff has the opportunity to prove that the remedies were unavailable to her. *Id.*

The CDOC's grievance process is set forth in Administrative Regulation (AR) 850-04. ECF No. 54-1. It first provides inmates with an informal opportunity to engage in constructive dialogue. *Id.* at ¶ 4. If constructive dialogue does not resolve the issue, an inmate is required to file grievances in three formal steps. *Id.* at ¶ 5. An inmate must file a Step 1 grievance within thirty days of the incident complained about. *Id.* at ¶ 6. If the inmate is not satisfied with the result of the Step 1 grievance, she must file a Step 2 grievance within five days of receiving a response to the Step 1 grievance. *Id.* at ¶ 7. Finally, if an inmate is still unsatisfied with the response to her Step 2 grievance, she must file a Step 3 grievance within five days of receiving a response to the Step 2 grievance. *Id.* at ¶ 8. If the inmate fails to follow the process as detailed by AR 850-04, she has failed to exhaust her administrative remedies. *Id.* at ¶ 10.

Defendants assert the affirmative defense that Ms. Townsend failed to exhaust her administrative remedies as a matter of law. ECF No. 54 at 5. To carry their burden, defendants rely on the affidavit of CDOC Grievance Officer Anthony DeCesaro. ECF No. 54-1. Officer DeCesaro examined the grievance records "to determine whether [Ms. Townsend] filed grievances concerning her allegations of being (1) terminated from her prison job as an [OCA]; (2) harassed by staff in November of 2012; and (3) [transferred] between prisons in September of 2013."[3] *Id.* at 2–3. He identified four potentially relevant grievances with respect to those topics and concluded that none of those grievances complied with the requirements set forth in AR 850-

---

[3] Officer DeCesaro did not state whether Ms. Townsend filed grievances concerning her allegations that she was harassed by Officer Roberts in the prison yard or discriminated against through a reduction in pay due to her medical restrictions. *See id.* While it might appear that she did not exhaust her remedies as to these incidents, failure to exhaust is an affirmative defense, and the Court cannot simply conclude that Ms. Townsend did not file any grievances related to those incidents. As such, the Court will address Ms. Townsend's remaining allegations in Sections III.B. and C.

04. *Id.* at 3.[4] Ms. Townsend responded by producing a fifth grievance related to her September 2013 transfer, but again her grievance failed to comply with the requirements of AR 850-04. ECF No. 69-1 at 49–52. For the reasons discussed below, the Court finds that Ms. Townsend failed to exhaust her administrative remedies regarding her contentions that she was (1) terminated in November 2011 in a retaliatory and discriminatory manner; (2) retaliated against in November 2012 by Sergeant Gamblin; (3) terminated in August 2013 in a retaliatory and discriminatory manner; and (4) retaliated against in September 2013 when she was placed in segregation because she refused a transfer. I will address each event in turn.

### November 2011 Termination

Ms. Townsend first alleges that in November of 2011, defendants retaliated and discriminated against her by firing her from her job as an OCA. The Court finds that Ms. Townsend failed to properly exhaust this issue.

Ms. Townsend grieved this issue in Grievance R-DW11/12-00010508 submitted on December 13, 2011. ECF No. 54-3 at 1–4. She received a response to her Step 1 grievance on December 21, 2011[5], but she did not file her Step 2 grievance until January 29, 2012. *Id.* at 1–2, 4. Therefore, she failed to timely file her Step 2 grievance within 5 days of receiving a response

---

[4] Although it did not appear to be particularly relevant, Officer DeCesaro included Grievance R-DW12/13-00028129 in his affidavit in an abundance of caution. ECF No. 54-1 at ¶¶ 22–23; ECF No. 54 at 9 n.2. Grievance R-DW12/13-00028129 was denied as procedurally deficient because Ms. Townsend crammed two lines of text onto a single line and attached additional pages of information. ECF No. 54-3 at 9–12. The Court finds this grievance illegible and cannot determine to which event and allegation it relates, therefore, Grievance R-DW12/13-00028129 is procedurally deficient, and the Court will not discuss it in detail below.

[5] Officer DeCesaro and Magistrate Judge Tafoya stated that Ms. Townsend received a response to her Step 1 grievance on September 21, 2011. ECF Nos. 78 at 6, 54-1 at ¶¶ 18–19. The Court presumes that this was a scrivener's error because September 21, 2011 predates Ms. Townsend's termination, and the record demonstrates that Ms. Townsend received a response on December 21, 2011. ECF No. 54-3 at 1, 4.

to her Step 1 grievance. *Id.* Furthermore, her grievance was procedurally deficient because she (1) did not comply with the space limitations; (2) requested review of her Code of Penal Discipline (COPD) conviction; and (3) requested a remedy of staff discipline. *Id.* at 4.

Ms. Townsend objects to Magistrate Judge Tafoya's determination that she failed to exhaust her remedies with respect to Grievance R-DW11/12-00010508, arguing that her Step 2 grievance was untimely through no fault of her own because the administrative remedy was temporarily unavailable to her. ECF No. 82 at 6–7.[6] She claims that she placed her Step 2 grievance in her case manager's mailbox within the five-day window, but that her case manager was on vacation and therefore failed to submit her grievance to the grievance officer in a timely manner. *Id.* at 4–5, 6–7.

An inmate may overcome a failure to exhaust with evidence that demonstrates that the administrative remedy was not "available" to the inmate.[7] *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *Tuckel*, 660 F.3d at 1252 (a remedy is considered unavailable if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative

---

[6] In her objections Ms. Townsend more broadly states that she placed all of her grievances in her case manager's mailbox in a timely manner and that her case manager's ongoing absence from work was to blame for any untimeliness. ECF No. 82 at 6–7. However, plaintiff produced evidence supporting this argument only with respect to Grievance R-DW11/12-00010508. ECF No. 69-1 at 35–42. Therefore, the Court will not address this argument in its analysis of Ms. Townsend's remaining grievances.

[7] Magistrate Judge Tafoya determined that Ms. Townsend failed to establish that the administrative remedy was unavailable in part because she failed to allege or argue that any prison official "hinder[ed], thwart[ed], or prevent[ed] her from lodging a grievance by threat or intimidation." ECF No. 78 at 8 (internal quotations and citation omitted). The Court notes, however, that alleging "threat or intimidation" is but one way that an inmate can properly claim that an administrative remedy is unavailable. *See e.g.*, *Burnett v. Jones*, 437 F. App'x 736, 741 (10th Cir. 2011) (remedies are unavailable where a prison official "rejects a prisoner's grievance appeal on grounds not permitted by the relevant regulations"); *Bradley v. U.S. Fed. Bureau of Prisons*, No. 14-CV-00013-MSK-MJW, 2014 WL 5601118, at *3 (D. Colo. 2014) (administrative remedies unavailable where defendants refused to supply inmate with grievance form).

remedy"). However, in this case, the untimely nature of Ms. Townsend's Step 2 grievance was not the sole reason she failed to exhaust. ECF No. 69-1 at 53 (indicating that other reasons were that Ms. Townsend was asking Officer DeCesaro to review her COPD conviction, she was requesting staff discipline, and her grievance exceeded the space limitations). Therefore, even if the Court excused the untimeliness, Ms. Townsend's grievance would still be procedurally deficient. *See Jones v. Bock,* 549 U.S. 199, 218 (2007) ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

November 2012 Harassment

Ms. Townsend also claims that Sergeant Gamblin retaliated against her in November of 2012 for exercising her First Amendment rights. ECF No. 28 at 12. Specifically, she contends that Sergeant Gamblin threatened to have her terminated from her job because she had filed grievances against other officers. *Id.* The Court finds that Ms. Townsend did not properly grieve this issue.

Ms. Townsend grieved a related issue in Grievance R-DW12/13-0003491. ECF No. 54-3 at 5–8. Ms. Townsend's grievance is difficult to read, but from what the Court can gather, Grievance R-DW12/13-0003491 generally addresses Sergeant Gamblin's "issues" with her. *Id*. However, the conduct addressed in the grievance is not the kind of retaliatory conduct she alleges in her pleadings. *Id.* For example, at Step 1 Ms. Townsend stated that Sergeant Gamblin disciplined her unnecessarily. *Id.* at 5. She claimed that "Sgt. Gamblin has always had personal 'issues,' with me because in may of 08 I threw a cup of urine on her so shes never been able to get over that[.]" *Id.* at 5. Therefore, she failed to address the First Amendment retaliation she

alleges in her Complaint relating to Sergeant Gamblin's disdain for Ms. Townsend's use of the grievance system.

In her objections Ms. Townsend argues that she was not required to grieve this issue with Sergeant Gamblin because "you cannot grieve a C.O.P.D. write up." ECF No. 82 at 5. While Ms. Townsend is correct that the grievance procedure may not be used to seek review of COPD convictions, it may be used to seek review of a staff member's retaliatory use of the disciplinary system. ECF No. 54-1 at ¶ 11; *Zarska v. Higgins*, 171 F. App'x 255, 258 n.2 (10th Cir. 2006) ("An allegation of retaliation by the filing of a disciplinary charge does not necessarily require an attack on the disciplinary charge itself.").

### August 2013 Termination

Additionally, Ms. Townsend alleges that she was terminated from her job for the second time in August 2013 for a pretextual reason relating to her history of institutional violence. ECF No. 28 at 17. Ms. Townsend grieved this matter in Grievance R-DW13/14-00044998. ECF No. 54-3 at 13–16. However, she failed to timely file her Step 2 grievance. *Id.* at 16. She received a response to her Step 1 grievance on September 10, 2013, but she did not file her Step 2 grievance until September 30, 2013—well past the five-day deadline.[8] *Id.* Consequently, she did not properly exhaust her administrative remedies regarding her August 2013 termination.

---

[8] Officer DeCesaro and Magistrate Judge Tafoya stated that Ms. Townsend filed her Step 2 grievance on September 30, 2015—more than two years after she received a Step 1 response. ECF Nos. 78 at 7, 54-1 at ¶ 17. The Court presumes this was in error. Ms. Townsend's Step 2 grievance document and Officer DeCesaro's Step 3 response indicate that Ms. Townsend filed her Step 2 grievance on September 30, 2013. ECF No. 54-3 at 14, 16.

September 2013 Transfer

Finally, Ms. Townsend asserts that she was placed in segregation in September 2013 in retaliation for her refusal to transfer to another facility. ECF No. 28 at 13. She grieved a related issue in Grievance R-LV13/14-00052643. ECF No. 69-1 at 49–52. At Step 1, Ms. Townsend addressed the fact that she had been moved to a new facility, however, she failed to mention a placement in segregation or any retaliation. *Id.* Instead, her grievance addressed her concerns about a washcloth that went missing during her move. *Id.* Moreover, Ms. Townsend's Step 1 grievance was untimely. *Id.* She claims that she was placed in segregation from September 6 until September 20, 2013 and then subsequently moved to La Vista Correctional Facility on November 6, 2013. *Id.*; ECF No. 28 at 13. However, she did not file her grievance until February 26, 2014—well past the 30-day deadline. ECF No. 69-1 at 49–52. Consequently, Ms. Townsend failed to exhaust this issue.

### B. Statute of Limitations

Defendants argue that the statute of limitations bars plaintiff from filing suit regarding her remaining allegations that she was: (1) harassed by Officer Roberts in February 2012 in retaliation for filing a grievance against him; and (2) denied equal protection when her pay was reduced due to her medical restrictions. ECF No. 54 at 4–5. Ms. Townsend did not respond to this argument. The Court finds that the statute of limitations bars plaintiff's February 2012 retaliation claim. However, it is not clear from the face of the Complaint that her equal protection claim is untimely.

A defendant may raise an affirmative defense in a Rule 12(b)(6) motion "[i]f the defense appears plainly on the face of the complaint itself." *Lee v. Rocky Mountain UFCW Unions &*

*Emp'rs Trust Pension Plan*, 13 F.3d 405 (10th Cir. 1993) (internal quotations and citations omitted). Therefore, even though "a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980)).

"In § 1983 actions [courts] apply the forum state's statute of limitations for personal-injury claims[.]" *Canfield v. Douglas Cty.*, 619 F. App'x 774, 777 (10th Cir. 2015). The forum state here, Colorado, "provides a two-year statute of limitations for personal-injury claims." *Id.* (citing Colo. Rev. Stat. § 13–80–102). For the accrual date, federal courts look to federal law. *Id.* "Under federal law, '[a] civil rights action accrues when facts that would support a cause of action are or should be apparent.'" *Id.* (quoting *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir.1995)).

Here, plaintiff's retaliation claim accrued in February 2012 when the harassment took place. Ms. Townsend alleges that Officer Roberts stopped her in the yard and proceeded to harass her. ECF No. 28 at 12. Further, she claims that when she "would not feed into his harassment he started cussing at me." *Id.* She then reported Officer Roberts for his retaliatory conduct. *Id.* Therefore, Ms. Townsend's alleged injury became evident during or shortly after her interaction with Officer Roberts in February 2012. Because she did not file this action until October 31, 2014—more than two years after the accrual of her claim—Ms. Townsend's retaliation claim is barred by the statute of limitations.

In contrast, it is not evident from Ms. Townsend's pleadings when her equal protection claim regarding a reduction in her pay accrued. *Id.* at 8. She claims that she was put on medical restrictions for work due to having gallstones, and as a result, Sergeant Christ lowered her pay. *Id.* Defendants assume that this took place in November 2011, however, Ms. Townsend's Complaint does not identify a timeframe of any kind for this event. *Compare* ECF No. 54 at 2 *with* ECF No. 28 at 8.

Therefore, on the face of her Complaint, Ms. Townsend's allegation that she was harassed by Officer Roberts is deemed untimely, however, her contention that Sergeant Christ discriminated against her is not.

### C. Failure to State a Claim

Defendants assert that Ms. Townsend fails to state an equal protection claim. ECF No. 54 at 10–12, 13–17. I agree.

The Equal Protection Clause of the Fourteenth Amendment protects inmates from discrimination. *Denson v. Maufeld*, No. 09-CV-02087-WYD-KLM, 2010 WL 3835830, at *2 (D. Colo. 2010). Where an equal protection claim is not based on a suspect classification or a membership in a protected class, a plaintiff must allege: "(1) that Defendants acted with discriminatory intent; (2) Plaintiff is similarly situated to other inmates who were treated differently, and (3) the difference in treatment bears no rational relationship to legitimate penological objectives of the prison." *Owen v. Medina*, No. 12-CV-00094-RM-CBS, 2013 WL 10445705, at *5 (D. Colo. 2013) *report and recommendation adopted*, No. 12-CV-00094-RM-CBS, 2015 WL 1524766 (D. Colo. 2015) (citing *Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir.1994)).

Here, Ms. Townsend's alleged facts do not state a plausible claim. She claims that she was put on medical restrictions for work due to having gallstones. ECF No. 28 at 8. As a result, Sergeant Christ lowered her "OCA level" from an OCA II to an OCA I, and her pay was cut in half. *Id.* She also claims that the other female offenders with medical restrictions did not receive a reduction in pay. *Id.* Ms. Townsend does not assert that Sergeant Christ acted with discriminatory intent. Furthermore, she fails to allege that the difference in pay between her and the other inmates with medical restrictions bore no rational relationship to legitimate penological objectives of the prison.

In sum, Ms. Townsend's equal protection claim regarding her reduction in pay fails to state a claim upon which relief can be granted.

## IV.  ORDER

Accordingly, the Recommendation of the United States Magistrate Judge [ECF No. 78] is ADOPTED and defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment [ECF No. 54] is GRANTED.

DATED this 28th day of March, 2016.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge